# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAAD SALAM ALKHAFAJI,<br><br>                    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                    Respondents. | Case No.:  3:26-cv-02262-RBM-BJW<br><br>**ORDER DENYING WITHOUT PREJUDICE:**<br><br>**(1) PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1]; and**<br><br>**(2) MOTION TO APPOINT COUNSEL [Doc. 6]** |

Pending before the Court are Petitioner Waad Salam Alkhafaji's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Doc. 1) and Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A ("Motion to Appoint Counsel") (Doc. 6).  For the reasons below, the Court **DENIES without prejudice** the Petition and the Motion to Appoint Counsel.

## I.      BACKGROUND

### A.      Factual Background

Petitioner is a citizen of Iraq who entered the United States as a child on or about March 3, 1993.  (Doc. 5 at 2 (citing Doc. 5-1 at 3).)  "At that time, Petitioner was issued an I-94 visa and classified as 'Refugee-Not adjusted to Lawful Permanent Resident Status' with an expiration date of December 31, 1999." (*Id.*)  In August 1993, Petitioner's status changed to "adjusted child of a refugee" with an expiration date of December 3, 2019.  (*Id.*) Petitioner has not filed documentation with United States Citizenship and Immigration Services to maintain his refugee status.  (*Id.*)

1

On November 10, 2025, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody after being released from jail on charges of failing to comply with a domestic violence court order. (*Id.*) On November 25, 2025, ICE issued Petitioner a Notice to Appear, which initiated removal proceedings against him. (*Id.*) On February 24, 2026, the immigration judge ordered Petitioner removed to Iraq and granted Petitioner deferred removal under the Convention Against Torture. (*Id.* (citing Doc. 5-3 at 3–6).) Petitioner waived appeal. (*Id.*)

On April 9, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule shortly thereafter. (Doc. 2.) On April 21, 2026, Respondents filed their Return to Petition for Writ of Habeas Corpus. (Doc. 5.) On April 24, 2026, Petitioner filed his Motion to Appoint Counsel. (Doc. 6.) Petitioner was authorized to file a reply on or before May 5, 2026, but given the record before it, the Court rules on the Petition now.

## II.    <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    <u>DISCUSSION</u>

### A.    Petition

Construing the Petition liberally, as it must, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007), the Court finds Petitioner to raise a claim for relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001) or the Fifth Amendment's Due Process Clause. (*See* Doc. 2 at 1; Doc. 1 at 4 ("There's no significant likelihood that I'll be removed in the reasonabl[y] foreseeable

future.  I was granted Deferral of Removal . . . .").)  Respondents "request the Court deny this petition on the ground that post-removal order detention is statutorily mandated under 8 U.S.C. § 1231(a) for a period of 90 days following the date that a noncitizen's removal order becomes final." (Doc. 5 at 1–4.)

The "date the order of removal becomes administratively final" marks the beginning of the 90-day "removal period," during with the government "shall detain the [noncitizen] while seeking his removal." *See* 8 U.S.C. § 1231(a); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 533–34 (2021).  The 90-day removal period "only concerns the custodial time *after* [Petitioner's] removal order was finalized." *Tumasov v. Doe 1*, Case No.: 25-cv-2704-AGS-JLB, 2025 WL 3171897, at *1 (S.D. Cal. Nov. 13, 2025).

Here, Petitioner's removal order became administratively final on February 24, 2026, after he was ordered removed from the United States and he waived appeal. (Doc. 5 at 3–6.)  Petitioner therefore is still in the 90-day period of statutorily mandated detention, and will be until May 24, 2026.  *See* 8 U.S.C. § 1231.  Accordingly, the Court **DENIES without prejudice** the Petition.

**B.    Motion to Appoint Counsel**

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).  The appointment of counsel is left to the sound discretion of the Court.  *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).  As Petitioner cannot succeed on the merits of his Petition while his detention is statutorily mandated, appointment of counsel is not appropriate.  *See Weygandt*, 718 F.2d at 954.  The Court thus also **DENIES without prejudice** the Motion to Appoint Counsel.

## IV.   CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) and Motion to Appoint Counsel (Doc. 6) are **DENIED without prejudice**.

If Petitioner has not been removed by May 24, 2026, he may file an amended Petition and an amended Motion to Appoint Counsel.  If Petitioner chooses to file an amended Motion to Appoint Counsel, he shall also include information regarding whether he is able to afford counsel.

**IT IS SO ORDERED.**

DATE:  April 28, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-02262-RBM-BJW