**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAAD SALAM ALKHAFAJI,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No.:  3:26-cv-02262-RBM-BJW<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**<br><br>**[Doc. 9]** |

Pending before the Court is Petitioner Waad Salam Alkhafaji's ("Petitioner") Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A ("Motion to Appoint Counsel").  (Doc. 9).  For the reasons below, the Court **DENIES without prejudice** the Motion to Appoint Counsel.

On April 28, 2026, the Court denied Petitioner's Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1), finding that Petitioner was still in the 90-day period of statutorily mandated detention under 8 U.S.C. § 1231.  (Doc. 7 at 2–4.)  As the Court found in that previous Order, Petitioner's order of removal became administratively final on February 24, 2026, meaning that he must be detained under § 1231 until May 24, 2026.  (*Id.*)

The Court "must evaluate the likelihood of success on the merits" in deciding whether to appoint counsel in a habeas proceeding. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).  Because Petitioner cannot succeed on the merits of any habeas claim during his period of mandatory detention, the Court **DENIES without prejudice** the Motion to Appoint Counsel (Doc. 9).

1

If Petitioner has not been removed by May 24, 2026, he may file an amended Petition and an amended Motion to Appoint Counsel.  If Petitioner chooses to file an amended Motion to Appoint Counsel, he shall also include information regarding whether he is able to afford counsel.

**IT IS SO ORDERED.**

DATE:  May 12, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

2

3:26-cv-02262-RBM-BJW